

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-19-2004

# USA v. Woodward

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4600

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Woodward" (2004). *2004 Decisions.* Paper 487.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/487

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-4600


UNITED STATES OF AMERICA

v.

DAVID M. WOODWARD,
                                        Appellant
_____


APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim. No. 03-cr-00210)
District Judge:  Honorable Donetta W. Ambrose
_____


Submitted Under Third Circuit L.A.R. 34.1(a)
July 16, 2004
Before:  SLOVITER, BARRY, and WEIS, Circuit Judges.

Filed July 19, 2004
_____

OPINION
_____


WEIS, Circuit Judge.

        Defendant David M. Woodward pleaded guilty to conspiracy to commit

mail fraud, in violation of 18 U.S.C. § 371.  He was sentenced to 18-months incarceration

and three years of supervised release, in addition to an order of restitution. He contends that he should have been considered a minor participant and granted a reduced sentence.

Co-defendant Paul Goldstine embezzled $559,588.82 from his employer, Safeco Insurance Company. Woodward deposited Safeco checks in the amount of $243,209.65 and remitted 80% of that amount to Goldstine. Woodward netted approximately $48,000 from depositing and cashing 48 of these checks in his personal bank account over a period of three and one-half years.

The District Court commented that it had examined all of the conduct of both defendants and concluded that Woodward's role was particularly significant. The judge added, "I don't think the money tells the tale. I think the conduct tells the tale." She then denied the request for a downward departure under section 3B1.2 of the Sentencing Guidelines.

Woodward points out that Goldstine, who was sentenced to 30-months incarceration, was charged with embezzling more than $500,000. In comparison, he argues that the amounts for which he was held responsible indicate a minor role in the overall scheme. We are not persuaded.

Although Goldstine was the prime mover, Woodward was an active and substantial participant in the embezzlement. We acknowledge that Woodward was a respected member of the community, as well as a dedicated family man. Nevertheless, his conduct requires substantial punishment.

We find no error in the District Court's determination of the appropriate sentence and, therefore, the Judgment of the District Court will be affirmed.